UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CITY OF RENO,

Plaintiff,

v.

PURDUE PHARMA, L.P., *et al.*,

Defendants.

Case No. 3:18-cv-00454-MMD-WGC

ORDER

**I.    SUMMARY**

The City of Reno initiated a lawsuit in state court again various entities that make up the opioid supply chain, but one of the defendants—McKesson Corporation—removed based on federal question jurisdiction, alleging that Reno's claims arise under federal law. (ECF No. 1 at 4.) Reno filed a motion to remand, which the Court now grants because Reno's claims arise under state law—not federal law—depriving this Court of federal question jurisdiction.

The Court has considered Reno's motion to remand (ECF No. 5), McKesson's response (ECF No. 11), and Reno's reply (ECF No. 14). The Court also held a hearing on Reno's motion to remand on October 31, 2018. (ECF No. 23.)

**II.    LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had

original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

## III. DISCUSSION

The Court has federal question jurisdiction under 28 U.S.C. § 1331 as to "only those cases in which a well-pleaded complaint establishes either that [1] the federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Potter v. Hughes*, 546 F.3d 1051, 1064 (9th Cir. 2008) (alteration in original) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). McKesson invoked the latter, arguing that Reno's claims will require the deciding court to determine the existence and scope of duties imposed by federal law. (ECF No. 11 at 16-17.)

Reno asserts five state law tort claims in the Complaint: public nuisance, common law public nuisance, negligent misrepresentation, negligence, and unjust enrichment. (ECF No. 5-1 at 41-56.) In support of its claims, Reno alleges that Defendants have duties to, among other things, (1) "maintain effective controls against opioid diversion;" (2) "identify and report downstream suspicious orders of controlled substances to law enforcement;" and (3) "stop shipment on any order which is flagged as suspicious." (*Id.* at 31-32.) Reno does not cite the source of these duties in the Complaint, but the sources have become clear through the parties' briefing and oral argument. The first duty—to maintain effective controls against opioid diversion—comes from a state regulation, specifically NAC § 453.400, which allegedly requires certain Defendants including McKesson to "establish and maintain effective controls and procedures to prevent or guard against theft and misuse of controlled substances." (*See* ECF No. 14 at 3.) The second and third duties stem from the U.S. Drug Enforcement Administration's ("DEA")

2

interpretation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* ("CSA"). The duty to report suspicious orders comes from a federal regulation implementing the CSA: 21 C.F.R. § 1301.74(b). (ECF No. 11 at 9.) The duty to halt suspicious orders comes from a DEA enforcement action: *Southwood Pharm., Inc.*, 72 Fed. Reg. 36,487, 36,501 (DEA July 3, 2007). (*Id.*)

McKesson represented at the hearing that it disputes whether the CSA actually imposes a duty to halt suspicious orders and also disputes whether the duty to report suspicious orders applies to discrete orders or to orders that are suspicious in the aggregate. (*See* ECF No. 11 at 17.) Reno counters that it can prevail on its claims based solely on duties imposed by state law, including common law and the duty imposed by NAC § 453.400. (ECF No. 14 at 3.)

The Supreme Court has articulated a four-factor test for determining whether a federal court may exercise federal question jurisdiction over a state law claim. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). This Court may exercise jurisdiction if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 314). The Court considers each of these factors below and finds that none of them permit the Court to exercise federal question jurisdiction.

### A. Necessarily Raised

"A federal issue is necessarily raised when the issue is 'pivotal' to the case." *Ranck v. Mt. Hood Cable Regulatory Comm'n*, No. 3:16-CV-02409-AA, 2017 WL 1752954, at *2 (D. Or. May 2, 2017) (quoting *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012)). McKesson argues that a federal issue is pivotal to the case because Reno would have to establish that McKesson breached the duties imposed by the CSA in order to prevail on its claims. (*See* ECF No. 11 at 14.) Reno responds that it could prevail on all of its claims regardless of whether McKesson breached the duties imposed by the CSA. (ECF No. 14 at 7.)

The Court agrees with Reno that a federal issue is not necessarily raised because Reno can prevail on each of its claims by reference to the broad duty imposed by NAC § 453.400 to "establish and maintain effective controls and procedures to prevent or guard against theft and misuse of controlled substances" without any reference to duties imposed by the CSA. Reno's first claim—statutory public nuisance—requires a showing that a controlled substance was "unlawfully sold, served, stored, kept, manufactured, used or given away."[1] *See* NRS § 202.450. McKesson may have acted "unlawfully" within the meaning of that statute if it breached the duty imposed by NAC § 453.400. Reno's second claim—common law public nuisance—requires a showing that Defendants unreasonably interfered with a right common to the general public. Restatement (Second) of Torts § 821B. Reno could succeed on this claim by showing that Defendants' conduct was unreasonable in light of the duty imposed by NAC § 453.400 rather than the duties imposed by the CSA. Reno's third claim—negligent misrepresentation—requires a showing that Defendants breached a duty of reasonable care. *See Scaffidi v. United Nissan*, 425 F. Supp. 2d 1159, 1169 (D. Nev. 2005). Reno could succeed on this claim by showing that Defendants breached a general duty of reasonable care as opposed to the specific duties imposed by either the CSA or NAC § 453.400, though those duties might help to establish a standard of reasonable care that favors Reno. Reno's fourth claim— negligence—could similarly be resolved without reference to the specific duties imposed by the CSA and NAC § 453.400. Plaintiff's fifth claim—unjust enrichment—does not require proof of breach of a duty. *See WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, 750 F. Supp. 2d 1180, 1196 (D. Nev. 2010) (listing elements of unjust enrichment claim in Nevada).

///

---

[1] The Court assumes for the purposes of determining jurisdiction that Reno's claims for public nuisance are viable. *But see Diamond X Ranch LLC v. Atl. Richfield Co.*, No. 313CV00570MMDWGC, 2017 WL 4349223, at *11 (D. Nev. Sept. 29, 2017) ("[I]n Nevada there is no private right of action for a public nuisance.") (citation omitted).

## B. Actually Disputed

McKesson insists that the federal issues raised by the Complaint are "actually disputed" because McKesson disputes whether the CSA in fact gives rise to a duty to halt suspicious orders and also disputes whether the duty to report applies to orders that are suspicious in the aggregate or just discrete orders. (*See* ECF No. 11 at 17-18.) Reno responds that any dispute about these duties is factual rather than legal and that McKesson does not identify an actual dispute over interpretation of the federal law. (ECF No. 14 at 9.)

First, these issues are not actually disputed because all of Reno's claims can be decided without reference to the duties imposed by the CSA. *See supra* Section III.A.

Second, the manner in which Reno intends to reference the duties imposed by the CSA will not lead to a dispute over the existence and scope of those duties. Reno represented at the hearing that it seeks to introduce DEA enforcement actions against Defendants as evidence that they failed to report and halt suspicious orders. Defendants' failure to report and halt suspicious orders could show that Defendants breached the broader duty imposed by NAC § 453.400 to maintain effective controls against opioid diversion—regardless of whether the CSA actually gives rise to those duties. To the extent that McKesson intends to argue it did not breach the duties imposed by the CSA despite the DEA's enforcement action, such a dispute would be factual rather than legal. (*See* ECF No. 11 at 17 ("McKesson disputes not only that DEA's relatively recent *policy* requiring the halting of suspicious orders constitutes governing *law* but also whether McKesson has breached any duty arising from that policy.").)

## C. Substantial

Three factors guide the determination of whether a federal issue is substantial: (1) whether federal law underlying the issue provides for a federal cause of action, *Grable*, 545 U.S. at 318; (2) whether the issue presents a pure legal question, *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006); and (3) whether the issue is important to the federal system as a whole, *Gunn*, 568 U.S. at 260.

### 1. Federal Cause of Action

The first factor weighs against federal question jurisdiction because the CSA does not provide for a federal cause of action. *United States v. Real Prop. & Improvements Located at 1840 Embarcadero, Oakland, California*, 932 F. Supp. 2d 1064, 1072 (N.D. Cal. 2013) (collecting cases on this point); *see also Potter*, 546 F.3d at 1065 ("The absence of a federal private right of action undercuts the existence of subject matter jurisdiction under § 1331.") (citing *Grable*, 545 U.S. at 317-18).

### 2. Legal or Factual

The second factor also weighs against federal question jurisdiction. First, McKesson has not persuaded this Court that the state court will have to make any inquiry regarding the scope and existence of the duties imposed by the CSA because Reno could prevail on its claims based on the duties imposed by NAC § 453.400 alone. *See supra* Section III.A. Second, any such inquiry would eventually require fact-specific determinations of whether orders were an unusual size, deviated substantially from a normal pattern, or were of unusual frequency, which may be all relative to the City of Reno. *See* 21 C.F.R. § 1301.74 ("Suspicious orders include orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency.").

### 3. Importance to Federal System as a Whole

The third factor—whether the issue will have a broad impact on the federal system as a whole—also is not satisfied here. The issue before the state court will be whether McKesson and others breached the duties imposed by Nevada law, including NAC § 453.400. As Reno's counsel asserted during the hearing, the DEA's prior enforcement actions will only constitute evidence of McKesson's breach of the duty imposed by NAC § 453.400 to maintain effective controls against opioid diversion. Moreover, the fact-specific nature of an inquiry into whether Defendants failed to report and halt suspicious orders reduces the importance of any federal issue present here.

///

///

### D. Federal and State Balance

"A federal court may entertain a state cause of action under federal question jurisdiction if it can do so 'without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Delaware ex rel. Denn v. Purdue Pharma L.P.*, No. CV 1:18-383-RGA, 2018 WL 1942363, at *4-5 (D. Del. Apr. 25, 2018) (quoting *Grable*, 545 U.S. at 314). "Entertaining a claim would disrupt the congressionally-approved federal and state balance if it would lead to a 'horde of original filings and removal cases raising other state claims with embedded federal issues.'" *Id.* (quoting *Grable*, 545 U.S. at 318). "Thus, in exercising jurisdiction over historically state cases, a court must be aware of the potential shift of state cases into federal courts." *Id.* (citing *Grable*, 545 U.S. at 319.)

Entertaining the garden variety state law tort claims here "could lead to a flood of state law claims entering federal courts and could disturb congressional intent regarding federal question jurisdiction in § 1331." *Id.* (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 812 (1986)). In light of this potential consequence, it is unlikely that Congress intended federal courts to have subject-matter jurisdiction over state-law tort cases implicating federal law merely because the federal statutes create standards of care relevant to causes of action under state law. *Id.* (citing Grable, 545 U.S. at 319.)

In sum, because the complaint does not "necessarily" raise a "disputed and substantial" federal question, "[t]his case cannot be squeezed into the slim category *Grable* exemplifies." *Empire Healthchoice Assurance, Inc.*, 547 U.S. at 681. Accordingly, the Court will grant Reno's motion to remand.

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

///

///

It is therefore ordered that Reno's motion to remand (ECF No. 5) is granted.

It is further ordered that McKesson's motion to stay (ECF No. 12) is denied as moot.

It is further ordered that the Clerk close this case and notify the Judicial Panel on Multidistrict Litigation of this order by email to PanelMDL@jmpl.uscourts.gov.

DATED THIS 2nd day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE